**WO**                                                                                   MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 12-214-PHX-GMS (DKD) |
| Plaintiff, | No. CR 11-1302-PHX-GMS |
| v. | **ORDER** |
| Oscar Antonio Gonzales-Garcia, | |
| Defendant/Movant. | |

On January 31, 2012, Movant Oscar Antonio Gonzales-Garcia, who is confined in the Reeves County Detention Center in Pecos, Texas, filed a *pro se* "Motion for Time Reduction by an Inmate in Federal Custody." In a January 31, 2012 Order, the Court advised Movant that the Court could not construe his Motion for Time Reduction as a motion pursuant to 18 U.S.C. § 3582(c), notified Movant that the Court intended to construe his Motion for Time Reduction as a motion pursuant to 28 U.S.C. § 2255, warned Movant of the consequences of such a recharacterization, and gave Movant 30 days to file either (a) a notice withdrawing his Motion for Time Reduction, or (b) an amended "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Motion Under 28 U.S.C. § 2255)."

On February 28, 2012, Movant filed an Amended § 2255 Motion. In a March 2, 2012 Order, the Court denied the Amended Motion because it did not comply with Local Rule of Civil Procedure 7.1(b)(1). The Court gave Movant 30 days to file a second amended motion that cured the deficiency identified in the Order. In April 3 and May 2, 2012 Orders, the Court granted Movant two extensions of time to file a second amended motion.

On June 1, 2012, Movant filed a Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 15). The Court will summarily dismiss the Second Amended Motion.

## I.     Procedural History

Pursuant to a plea agreement, Movant pled guilty to Re-Entry of Removed Alien, in violation of 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1). The plea agreement provided for a sentencing range of 3 to 63 months. On January 17, 2012, the Court sentenced Movant to a 33-month term of imprisonment followed by 3 years on supervised release.

In his Second Amended § 2255 Motion, Movant seeks a six-month reduction of his sentence. He states that he is challenging his sentence because it "is not the plea [he] sign[ed]." He claims that he signed a different plea agreement and that he "entered a guilty plea [for] 10 to 37 month[s]." Movant contends that his lawyer changed the plea to an "open plea" even though Movant had signed a "fast-track" plea agreement. Movant also states that his attorney told him that he would file a sealed report with the Court explaining that Movant had worked for 24 months as a confidential informant for the City of Phoenix Police Department, but his attorney failed to do so and failed to mention anything to the Court at sentencing regarding this issue.

## II.    Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

. . . .

1   **III.    Waiver**

2   Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals
3   has found that there are "strict standards for waiver of constitutional rights."  <u>United States</u>
4   <u>v. Gonzalez-Flores</u>, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume
5   waiver from a silent record, and the Court must indulge every reasonable presumption
6   against waiver of fundamental constitutional rights.  <u>United States v. Hamilton</u>, 391 F.3d
7   1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and
8   unequivocal.

9   Plea agreements are contractual in nature, and their plain language will generally be
10  enforced if the agreement is clear and unambiguous on its face.  <u>United States v. Jeronimo</u>,
11  398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a
12  § 2255 action challenging the length of his sentence.  <u>United States v. Pruitt</u>, 32 F.3d 431,
13  433 (9th Cir. 1994); <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only
14  claims that cannot be waived are claims that the waiver itself was involuntary or that
15  ineffective assistance of counsel rendered the waiver involuntary.  <u>See</u> <u>Washington v.</u>
16  <u>Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the
17  right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an
18  ineffective assistance of counsel claim that challenges the voluntariness of the waiver); <u>Pruitt</u>,
19  32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel
20  erroneously induced a defendant to plead guilty or accept a particular plea bargain); <u>Abarca</u>,
21  985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective
22  assistance or involuntariness of the waiver); <u>see also</u> <u>Jeronimo</u>, 398 F.3d at 1156 n.4
23  (declining to decide whether waiver of all statutory rights included claims implicating the
24  voluntariness of the waiver).

25  "Collateral attacks based on ineffective assistance of counsel claims that are
26  characterized as falling outside [the category of ineffective assistance of counsel claims
27  challenging the validity of the plea or the waiver] are waivable."  <u>United States v.</u>
28  <u>Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001).  <u>See also</u> <u>Williams v. United States</u>, 396

- 3 -

F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> Providing the defendant's sentence is consistent with this agreement, the defendant **waives** . . . (2) **any right to file an appeal, any collateral attack,** and any other writ or motion that challenges the conviction, . . . the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, **including but not limited to any . . . motions under 28 U.S.C. §§ 2241 and 2255.** The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, **this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.**

(Doc. 24) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. 24).

Movant is mistaken about his plea agreement. He signed a "fast-track" plea agreement, not an "open" plea. The Court sentenced Movant pursuant to that plea agreement, which included a provision for a sentence between 10 and 37 months.[1] The remainder of Movant's assertions in his Second Amended § 2255 Motion pertain to

---

[1]Among other things, the plea agreement stated that the parties stipulated and agreed that Movant would receive

> (3)   A one-level reduction in offense level and a sentence within the adjusted guideline range, if the crime is classified as a level 16 offense. . . . The guideline range at offense level 16 is 21-57 months, depending on criminal history. After the three-level reduction for acceptance of responsibility and one-level reduction for early disposition, the guideline range at offense level 12 is **10-37 months**, depending on criminal history.

(Emphasis added.)

- 4 -

sentencing and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in his Second Amended § 2255 Motion. Thus, the Court will summarily dismiss the Second Amended § 2255 Motion. Accordingly,

**IT IS ORDERED:**

(1) The Clerk of Court must **terminate** Doc. 25 in CR 11-1302-PHX-GMS.

(2) The Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 15 in CV 12-214-PHX-GMS (DKD)) is **denied** and the civil action opened in connection with this Motion (CV 12-214-PHX-GMS (DKD)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 29th day of June, 2012.

_A. Murray Snow_
G. Murray Snow
United States District Judge